## Bartikowsky v. Hart et al.

*Abram Salsburg* and *Mose Salsburg*, for plaintiff.
*Edward Morgan* and *Frank P. Slattery*, for defendants.

COUGHLIN, J., December 8, 1932.—Complainant, conducting the Collateral Loan Exchange in the City of Wilkes-Barre, Luzerne County, under said registered fictitious name, engaged in the business of buying and selling of jewelry, watches, silverware, diamonds, etc., and loaning money thereon at No. 37 West Market Street, in the said city, has rented an additional store at No. 1 South Main Street in said city, wherein it is proposed to sell at public auction unredeemed pledges as aforementioned, together with diamonds, watches, jewelry, etc.

The City of Wilkes-Barre, through its chief of police, has notified complainant to cease said auction sale, and that otherwise arrest would follow, said notice being based by said city upon its ordinance dated December 2, 1924, entitled: "An ordinance regulating the sale of goods and merchandise at public auction and providing penalties for the violation of such regulation."

The complainant seeks by its bill to restrain said city and its officials, specially until hearing and perpetually thereafter, from arresting, preventing, or in any way interfering with complainant in disposing of said stock of merchandise, either in the daytime or nighttime, during reasonable hours.

We permitted the bill in equity to be filed, but at the time thereof did not direct or allow the issuing of a preliminary injunction until notice and argument thereon. It now appears that the defendant city is seeking to enforce the terms of an ordinance heretofore interpreted by the late Hon. Henry A. Fuller in Petition of Wachtler for Declaratory Judgment, 24 Luzerne 159.

By various acts of assembly and finally in the Act of June 23, 1931, P. L. 932, sec. 2403, 53 PS § 12198-2403, the City of Wilkes-Barre, as a city of the third class, is given power to regulate and license sales of merchandise at public auction, other than judicial sales, sales by executors or administrators, or sales by or in behalf of licensed pawnbrokers of unredeemed pledges in the manner provided by law. It is not denied that the city regulations in reference to licenses have been complied with. This is not in dispute in this case. It does appear, however, that the action of the city is based upon the location of the place of auction within certain territorial limitations, wherein said sales are prohibited by said ordinance.

As stated by the court in the aforesaid case, section I of the ordinance prohibits any and all sales of merchandise at public auction within the central portion of the city, bounded by Pennsylvania Avenue on the east, River Street on the west, North Street on the north, and Academy Street on the south, comprising about one ninth of the entire city, excluding, however, from its application, (a) judicial sales; (b) sales authorized by State or Federal statute; (c) sales by executors or administrators; (d) sales by licensed pawnbrokers of unredeemed pledges; and (e) sales of stock on hand by merchants continuously in business 1 year preceding, provided such sales be held on successive days for not more than 30 days in one year and be subject to the provisions hereinafter provided in this ordinance as to the issuing and taking out a license therefor.

The various sections of the ordinance contained three main classifications: (1) An absolute ban against sales by auction in a portion of the city; (2) allowance of such sales in the rest of the city, subject to rigorous conditions; (3) entire exemption of certain sales from the effect of the ordinance. This court has already held that the first classification flatly discriminated between the one portion and the rest of the city, without reason conceivable or expressed except that the one portion is in the "central and populous part of the city". It was there further stated that we must not overlook the consideration that auction sales, while differentiable on certain points from ordinary sales, and therefore on those points subject to proper restriction, are not per se unlawful and should not be absolutely prohibited by discriminatory exclusion from a portion of the city, leaving the rest open. It having been already decided that one may conduct sales by auction within the prohibited portion of the city, and there being no allegation that any of the conditions of the regulatory part of the ordinance are about to be violated, and it appearing that a certain portion of the sales contemplated by the complainant come within the class exempt from the effect of the ordinance, we believe that the city is, from the facts presented, without ground for interference.

No appeal has ever been taken from the judgment entered by the court heretofore involving this identical ordinance, and the judgment there entered became final and binding upon the city. It becomes our duty, therefore, to follow the law as therein laid down.

Therefore, we permit the issuing of a preliminary injunction against said defendants, restraining them from interfering with complainant in disposing of the stock of merchandise mentioned in her bill of complaint by auction, during the hours and subject to the regulations set forth in other sections of the ordinance. In the event of further interference, said preliminary or interlocutory injunction will be ordered, upon application of complainant, to be effective until final hearing.